**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PENSION FUND OF CEMENT MASONS' | ) | |
| UNION LOCAL UNION NO. 502; | ) | |
| CEMENT MASONS' INSTITUTE LOCAL | ) | CASE NO.:  20-CV-6291 |
| 502 WELFARE TRUST FUND; CEMENT | ) | |
| MASONS' LOCAL 502 AND | ) | JUDGE: |
| PLASTERERS AREA 5 ANNUITY FUND; | ) | |
| CEMENT MASONS' LOCAL NO. 502 | ) | MAG. JUDGE: |
| RETIREE WELFARE FUND; CEMENT | ) | |
| MASONS' UNION LOCAL 502 | ) | |
| APPRENTICE EDUCATIONAL AND | ) | |
| TRAINING TRUST; and CEMENT | ) | |
| MASONS' UNION LOCAL NO. 502 | ) | |
| PLASTERERS AREA 5, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WHOLE SPRAY FIREPROOFING | ) | |
| INCORPORATED, an Illinois Corporation, | ) | |
| and RUBENS SPRAY INSULATION, INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants WHOLE SPRAY FIREPROOFING INCORPORATED and RUBENS SPRAY INSULATION, INC., and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively "TRUST FUNDS") are administered at 739 South 25th Avenue, Bellwood, Illinois 60104, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Midwest Wall and Ceiling Contractors, and therefore are multiemployer plans under 29 U.S.C. § 1002(37).

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

5.     The Defendant WHOLE SPRAY FIREPROOFING INCORPORATED ("WHOLE SPRAY") is an Illinois corporation with its principal place of business in Lake Bluff, Illinois.

6.     The Defendant RUBENS SPRAY INSULATION, INC. ("RUBENS SPRAY") is an Illinois corporation with its principal place of business in Lake Bluff, Illinois.

## **FACTS COMMON TO ALL COUNTS**

7.     WHOLE SPRAY is an employer engaged in an industry affecting commerce.

8.     WHOLE SPRAY was incorporated on August 3, 2016.

9.     On the same day as its incorporation on August 3, 2016, WHOLE SPRAY agreed to be bound by the terms of the CBA with the UNION through a Memorandum of Agreement.  WHOLE SPRAY signed another Memorandum of Agreement on February 16, 2017. (A copy of the Memorandum of Agreement dated August 3, 2016 is attached as **Exhibit 1**); (a copy of the Memorandum of Agreement dated February 16, 2017 is attached as **Exhibit 2**); (a copy of the CBA is attached as **Exhibit 3**).

10.    Through the Memorandum of Agreements and CBA, Defendant WHOLE SPRAY agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11.    Pursuant to the CBA and Trust Agreements, Defendant WHOLE SPRAY is required to make monthly reports of the number of hours worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS for each week that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA.  The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.  (**Exhibit 2**).

12. Pursuant to the CBA and properly executed check-off cards, Defendant WHOLE SPRAY is required to deduct $3.61 from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) as well as the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid; interest at either a rate of ten percent (10%) per annum or the highest legally acceptable interest rate; any reasonable attorney's fees and costs of maintaining suit; and any audit fees incurred.

14. Defendant RUBENS SPRAY is an employer engaged in an industry affecting commerce.

15. RUBENS SPRAY was incorporated on or about December 21, 2012.

16. RUBENS SPRAY is a non-union company and is not signatory to the CBA.

## COUNT I
## BREACH OF THE CBA: ALTER-EGO LIABILITY

17. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-16 with the same force and effect as if fully set forth herein.

18. Ruben Sereno is the President of both WHOLE SPRAY and RUBENS SPRAY.

19. Ruben Sereno is the Registered Agent for both WHOLE SPRAY and RUBENS SPRAY.

20. WHOLE SPRAY and RUBENS SPRAY simultaneously operate out of the building located at 29870 Skokie Highway, Suite 102, Lake Bluff, Illinois.

21. WHOLE SPRAY does not have any vehicles registered in its name.

22. RUBENS SPRAY has numerous vehicles registered in its name.

23. Both WHOLE SPRAY and RUBENS SPRAY are spray foam insulation contractors in the Chicagoland area that perform bargaining-unit work as defined by the CBA.

24. WHOLE SPRAY and RUBENS SPRAY share the same management.

25. WHOLE SPRAY and RUBENS SPRAY share some of the same employees.

26. Upon information and belief, WHOLE SPRAY and RUBENS SPRAY share the same administrative and accounting staff.

27. Upon information and belief, WHOLE SPRAY and RUBENS SPRAY service some of the same customers.

28. Upon information and belief, WHOLE SPRAY and RUBENS SPRAY share some or all of the same equipment, tools and materials.

29. Upon information and belief, WHOLE SPRAY uses vehicles registered under the name of RUBEN SPRAY to conduct business.

30. Upon information and belief, WHOLE SPRAY and RUBENS SPRAY have commingled assets.

31. RUBENS SPRAY is aware of WHOLE SPRAY's obligations to the Plaintiffs because of the common ownership and management of WHOLE SPRAY.

32. The continued recognition of WHOLE SPRAY and RUBENS SPRAY's separate corporate existence would sanction a fraud or promote injustice in that WHOLE SPRAY would be permitted to escape its contractual and financial obligations to Plaintiffs.

33. RUBENS SPRAY is the alter-ego of WHOLE SPRAY and is directly liable for the contractual and financial obligations of WHOLE SPRAY, including WHOLE SPRAY's obligation to contribute to the Plaintiffs on behalf of its bargaining-unit employees.

34. RUBENS SPRAY refuses to pay contributions on behalf of its bargaining-unit employees.

35. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from RUBENS SPRAY and WHOLE SPRAY.

36. Plaintiffs have complied with all conditions precedent in bringing this suit.

37.     WHOLE SPRAY and RUBENS SPRAY are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D):

**WHEREFORE**, Plaintiffs respectfully request:

A.      That this Honorable Court enter an order holding that RUBENS SPRAY is the alter-ego of WHOLE SPRAY;

B.      That this Honorable Court enter an order holding that RUBENS SPRAY is bound to the terms of the Trust Agreements;

C.      That this Honorable Court enter an order holding that through the Trust Agreements, RUBENS SPRAY is required to contribute to the TRUST FUNDS for each hour worked by its employees within the trade and territorial jurisdiction of the UNION;

D.      That this Honorable Court enter an order holding that pursuant to properly executed check-off cards, RUBENS SPRAY is required to deduct dues from its bargaining-unit employees' wages for each hour worked and remit it to the UNION;

E.      That this Honorable Court enter an order requiring WHOLE SPRAY and RUBENS SPRAY to submit to a payroll compliance audit to determine the full amount of liabilities to the Plaintiffs;

F.      That Judgment be entered in favor of the Plaintiffs and against RUBENS SPRAY and WHOLE SPRAY, jointly and severally, for all contributions, liquidated damages and interest revealed by the payroll compliance audit, along with the costs of the audit;

G.      That RUBENS SPRAY and WHOLE SPRAY be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

H.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at RUBENS SPRAY and WHOLE SPRAY'S cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF THE CBA: SINGLE EMPLOYER LIABILITY**

38.     Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.

39.     Ruben Sereno is the President of both WHOLE SPRAY and RUBENS SPRAY.

40.     Ruben Sereno is registered agent for both WHOLE SPRAY and RUBENS SPRAY.

41.     WHOLE SPRAY and RUBENS SPRAY simultaneously operate out of the building located at 29870 Skokie Highway, Suite 102, Lake Bluff, Illinois.

42.     WHOLE SPRAY does not have any vehicles registered in its name.

43.     RUBENS SPRAY has numerous vehicles registered in its name.

44.     Both WHOLE SPRAY and RUBENS SPRAY are spray foam insulation contractors in the Chicagoland area that perform bargaining-unit work as defined by the CBA.

45.     WHOLE SPRAY and RUBENS SPRAY share the same management.

46.     WHOLE SPRAY and RUBENS SPRAY share some of the same employees.

47.     Upon information and belief, WHOLE SPRAY and RUBENS SPRAY share the same administrative and accounting staff.

48.     Upon information and belief, WHOLE SPRAY and RUBENS SPRAY service some of the same customers.

49.     Upon information and belief, WHOLE SPRAY and RUBENS SPRAY share some or all of the same equipment, tools and materials.

50.     Upon information and belief, WHOLE SPRAY uses vehicles registered under the name of RUBENS SPRAY to conduct business.

51. Upon information and belief, WHOLE SPRAY and RUBENS SPRAY have commingled assets.

52. WHOLE SPRAY and RUBENS SPRAY operate a double-breasted operation wherein WHOLE SPRAY is the union shop and RUBENS SPRAY is the non-union shop.

53. WHOLE SPRAY and RUBENS SPRAY are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an interrelation of operations, common management and centralized control over labor relations.

54. RUBENS SPRAY refuses to pay contributions on behalf of its bargaining-unit employees.

55. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WHOLE SPRAY and RUBENS SPRAY.

56. Plaintiffs have complied with all conditions precedent in bringing this suit.

57. WHOLE SPRAY and RUBENS SPRAY are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an order holding that RUBENS SPRAY constitutes a single employer with WHOLE SPRAY;

B. That this Honorable Court enter an order holding that RUBENS SPRAY is bound to the terms of the Trust Agreements;

C. That this Honorable Court enter an order holding that through the Trust Agreements, RUBENS SPRAY is required to contribute to the TRUST FUNDS for each hour worked by its employees within the trade and territorial jurisdiction of the UNION;

D. That this Honorable Court enter an order holding that pursuant to properly executed check-

off cards, RUBENS SPRAY is required to deduct dues from its bargaining-unit employees' wages for each hour worked and remit it to the UNION;

E.     That this Honorable Court enter an order requiring WHOLE SPRAY and RUBENS SPRAY to submit to a payroll compliance audit to determine the full amount of liabilities to the Plaintiffs;

F.     That Judgment be entered in favor of the Plaintiffs and against WHOLE SPRAY and RUBENS SPRAY, jointly and severally, for all contributions, liquidated damages and interest revealed by the payroll compliance audit, along with the costs of the audit;

G.     That WHOLE SPRAY and RUBENS SPRAY be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

H.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at WHOLE SPRAY and RUBENS SPRAY's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS'
UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb
*One of Plaintiffs' Attorneys*
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606